IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO.  G-01-09 (02) |
| § | CIVIL ACTION NO. G-05-079 |
| FRANK WESLEY JOHNS § | |

REPORT AND RECOMMENDATION

Before the Court is the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" filed by Frank Wesley Johns, one of the named Defendants in this cause.  The Court, having reviewed the file and considered the motion, the Government's response and Johns' Traverse now submits this Report and Recommendation to the District Court.

On May 2, 2001, Johns was indicted, together with Jermaine Gilliam, for drug trafficking offenses.  On  January 23, 2004, Johns pleaded guilty to Count 2 of the Indictment and he was ultimately sentenced to a term of 293 months of imprisonment.  The Judgment was entered on May 3, 2004.  No appeal was taken.  On February 2, 2005, Johns filed the  instant motion.

In the opinion of this Court, the District Court need not reach the merits of Johns' motion.  As part of his Plea Bargain Agreement, Johns waived his right to collaterally attack his sentence except for two limited reasons not applicable here.  A review of this Rearraignment reveals that he was adequately informed of the consequences of that waiver, therefore, the voluntary waiver is binding upon him and it precludes his seeking relief under § 2255.  Cf. United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005)    Notwithstanding, even if the waiver is ignored, other legal impediments bar Johns from relief.  In his motion, Johns claims that the District Court

erred by denying him an "Acceptance of Responsibility" adjustment and miscalculating his criminal history category. Claims that the Sentencing Guidelines were improperly applied are not cognizable under § 2255. United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996)   Relief under § 2255 is reserved for transgresions of constitutional rights and a District Court's technical application, even misapplication, of the Guidelines does not give rise to a constitutional issue. United States v. Vaughan, 955 F.2d 367, 268 (5th Cir. 1992)   Finally, Johns' reliance on Blakely[1] is misplaced. The apparent promise foretold by Blakely and realized by Booker[2] which held that the Sentencing Guidelines are no longer mandatory, quickly evaporated as every Circuit to consider the issue has held that Booker is not retroactively applicable to cases on collateral review. See Cirilo-Munoz v. United States, ___ F.3d ___, 2005 WL 858324* 5-6 (1st Cir., April 15, 2005); Green v. United States, 397 F.3d 101, 103; In re: Olapade, 403 F.3d 159, 160 (3d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481, (7th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005)   On April 28, 2005, the Fifth Circuit joined its sister circuits. In re: Elwood, 408 F.3d 211 (5th Cir. 2005)   The new rule announced in Booker is simply unavailable to Johns. Consequently, Johns is not entitled to seek relief under 28 U.S.C. § 2255.[3]

---

[1] Blakely v. Washington, ___ U.S. ___, 159 L.Ed. 2d 403 (2004)

[2] United States v. Booker, ___ U.S. ___, 160 L.Ed. 2d 621 (2005)

[3] While the Court does not reach the merits of Johns' motion, the Court finds the Government's "Response on the Merits" persuasive.

For the foregoing reasons it is the RECOMMENDATION of this Court that the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Instrument no. 65) of Frank Wesley Johns be DISMISSED.

The Clerk SHALL send copies of this Report and Recommendation to the Parties. The Parties SHALL have until July 8, 2005, in which to have written objections physically on file in the Office of the Clerk. The Objections SHALL be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time SHALL bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

DONE at Galveston, Texas, this \_\_\_\_13th\_\_\_\_ day of June, 2005.

_____
John R. Froeschner
United States Magistrate Judge