IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO.  G-01-09 (02) |
| § | CIVIL ACTION NO. G-05-079 |
| FRANK WESLEY JOHNS § | |

**OPINION AND ORDER**

Before the Court is a Report and Recommendation from the United States Magistrate Judge which recommends that the " Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" filed by Frank Wesley Johns be dismissed.  Johns has filed timely objections to the Report and Recommendation.

Johns' argument that his plea-bargained waiver of the right to seek collateral relief is no impediment to his motion because his sentence was " beyond the statutory maximum" established by the Sentencing Guidelines in violation of Blakely v. Washington, ___ U.S. ___, 159 L.Ed. 2d 403 (2004), is without merit.  Johns' conviction was final when Blakely was decided and, in this Circuit, Blakely is not retroactively applicable to cases on collateral review.  See In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005)   Johns' complaints of this Court's guideline calculations and its rejection of his plea for a downward adjustment for his acceptance of responsibility are not cognizable § 2255 claims.  United States v. Vaughn, 955 F.2d 367, 368 (5th Cirl. 1992)   Moreover, this Court feels compelled to point out that it was not bound by the Government's agreement not to oppose the acceptance of responsibility adjustments.  See U.S.S.G. § 3E1.1, Application Note 3   In the opinion of this Court it properly exercised its discretion and denied this adjustment when Johns, during his sentencing allocution, tried to

trivialize his role in an aborted drug transaction involving 140 grams of "crack" which involved a high-speed chase of Johns by a State Trooper during which Johns collided with the vehicle of an innocent citizen and rolled the Jeep he was driving, and his subsequent sneaking out of John Sealy Hospital, while being treated for the injuries he sustained in the wreck, thereby avoiding re-arrest for approximately six months. The Court finds that Johns' objections to the Report and Recommendation are without merit and they are **REJECTED**.

Accordingly, upon *de novo* review pursuant to 28 U.S.C. § 636, this Court **ACCEPTS** the Report and Recommendation of the Magistrate Judge.

It is, therefore, the **ORDER** of this Court that the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Instrument no. 65) of Frank Wesley Johns is **DENIED**.

**DONE** at Galveston, Texas, this 22nd day of July, 2005.

_____
Samuel B. Kent
United States District Judge